**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER A. SMITH, | : | |
| | : | Civil Action No. 12-0478 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Christopher A. Smith
Somerset County Jail
Somerville, NJ  08876

**SHERIDAN**, District Judge

　　Plaintiff Christopher A. Smith, a pre-trial detainee confined at Somerset County Jail in Somerville, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint and Amended Complaint.

At this time, the Court must review the Amended Complaint[1] to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on February 4, 2010, he was indicted on first-degree charges of Gang Criminality by the grand jury of Somerset County. Plaintiff alleges that Defendant Assistant Prosecutor Matthew Murphy knowingly and purposely lied under oath that Plaintiff committed these acts; Plaintiff also alleges that Assistant Prosecutor Murphy had a gang expert give false testimony to the grand jury to induce an indictment. Finally, Plaintiff alleges that Assistant Prosecutor Murphy also

---

[1] Plaintiff opened this action by submission of a Complaint and Application for leave to proceed in forma pauperis which were received in the Clerk's Office on January 26, 2012. The Amended Complaint was received on February 6, 2012. When an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). No portion of the original Complaint was incorporated by reference in the Amended Complaint. Accordingly, this Court will review the Amended Complaint.

improperly disclosed Plaintiff's juvenile record to the grand jury.  Plaintiff alleges that the charges against him were dismissed on February 18, 2011.  The Court construes these allegations as an attempt to state a claim for malicious prosecution in violation of Plaintiff's Fourth Amendment rights.

Plaintiff alleges that Defendant Detective Justin Berger is "the investigating officer who conspired with Assistant Prosecutor Matthew Murphy."  This is the only allegation regarding Defendant Berger.

Plaintiff also names as Defendants the State of New Jersey and the Somerset County Prosecutor Office.  Plaintiff seeks damages in the amount of $3,000,000.00.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The Court of Appeals for the Third Circuit has held that the Twombly pleading standard applies to civil rights complaints. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  ...  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that

> are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted) (quoted in Bistrian v. Levi, 2012 WL 4335958 (3d Cir. Sept. 24, 2012).  Although the Court must assume the veracity of the facts asserted in the complaint, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Id. (citation omitted).  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

A. Eleventh Amendment Immunity

Plaintiff has named as Defendants the State of New Jersey and the Somerset County Prosecutor Office, compelling this Court to consider the impact of the Eleventh Amendment on this action.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a

state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

To determine whether Eleventh Amendment immunity applies to a state agency, a court must consider three factors:  (1) the source of the agency's funding - i.e., whether payment of any judgment would come from the state's treasury, (2) the status of the agency under state law: and (3) the degree of autonomy from state regulation.  See Flitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 659 (3d Cir.) (en banc), cert. denied, 493 U.S. 850 (1989).

In Coleman v. Kaye, 87 F.3d 1491 (3d Cir. 1996), the U.S. Court of Appeals for the Third Circuit considered all of these factors in the context of a New Jersey county prosecutor's office and recognized that county prosecutorial offices conduct two distinct sets of functions: (1) the administrative functions of operating their offices and (2) the classic law enforcement and investigative functions for which they are chiefly responsible.

The Third Circuit's analysis culminated in the conclusion that "when [New Jersey county] prosecutors engage in classic law enforcement and investigative functions, they act as officers of the state." Id. at 1505.

Here, the claims against the Somerset County Prosecutor Office appear to arise out of classic law enforcement functions, and are barred from suit in federal court under the Eleventh Amendment.

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes are persons within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

For all the foregoing reasons, the claims against the State of New Jersey and the Somerset County Prosecutor Office will be dismissed with prejudice. Plaintiff could not cure the deficiencies in the claims against these defendants by any further amendment of the Complaint.

B.  Claim Against Assistant Prosecutor Matthew Murphy

Plaintiff alleges that Assistant Prosecutor Matthew Murphy lied to the grand jury under oath and improperly disclosed to the grand jury his juvenile record. As noted above, the Court

construes this as an attempt to state a claim for malicious prosecution.

In order to state a <u>prima facie</u> case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, <u>Hilfirty v. Shipman</u>, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 222 (3d Cir. 1998);[2] <u>Luthe v. Cape May</u>, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  <u>Gallo</u>, 161 F.3d at 222 (quoting <u>Singer v. Fulton</u>

---

[2] In <u>Gallo</u>, the Court noted that prosecution without probable cause probably is not, in and of itself, a constitutional tort.  "Instead, the constitutional violation is the deprivation of liberty accompanying the prosecution," which raises a claim of violation of the Fourth Amendment right not to be subjected to unreasonable seizures.  It is for this reason that a claim for malicious prosecution must include an allegation that there was a seizure.  161 F.3d at 222.

10

County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).

Here, Plaintiff has alleged no facts tending to establish that the prosecution was instituted by malice, that there was an absence of probable cause for the prosecution, or that he was "seized."[3] The resolution of a criminal prosecution in one's favor is not sufficient, of itself, to state a claim for malicious prosecution.

In addition, the prosecutor is immune from any claim of malicious prosecution. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Thus, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). A prosecutor is immune from suit even if he committed perjury or falsified evidence. See Green v. United States, 418 Fed.Appx. 63, 66 (3d Cir. 2011) (citing Imbler). Here, it appears that Plaintiff's claims against the Prosecutor's

---

[3] As the charges against Plaintiff were dismissed long before he brought this action, it appears that his present confinement is related to some other criminal charge.

Office arise out of the quintessential prosecutorial functions; thus, the prosecutor is entitled to immunity.

Plaintiff does, however, allege that the prosecutor "lied under oath," raising the possibility that this defendant prosecutor functioned as a witness before the grand jury, rather than as a prosecutor seeking an indictment.  Witnesses are absolutely immune from civil damages based upon their testimony. See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983).  That immunity extends to witnesses, including government investigators, who testify before a grand jury.  Rehberg b. Paulk, 132 S.Ct. 1497 (2012); Kulwicki v. Dawson, 969 F.2d 1454, 1467 n.16 (3d Cir. 1992).  Accordingly, the prosecutor would be entitled to immunity for any actions undertaken as a witness, also.

For the foregoing reasons, all claims against Assistant Prosecutor Murphy will be dismissed with prejudice.

C.   Claim Against Det. Justin Berger

The only allegation against Detective Justin Berger is that he is the investigating officer who "conspired" with the prosecutor.

This Court has already found that Plaintiff has failed to state a claim for malicious prosecution.  In addition, to the extent Plaintiff's claim is based upon any testimony before the grand jury, Detective Berger would be immune from liability.

Finally, Plaintiff has failed to allege <u>facts</u> raising, above the speculative level, any claim of conspiracy against the Detective.

The Supreme Court has demonstrated the application of <u>Twombly</u>'s general pleading standards to a conspiracy claim.

> In applying these general standards to a [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." ... It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a [Sherman Act] § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. ...

<u>Twombly</u>, 550 U.S. at 556-57 (citations and footnotes omitted).

Here, Plaintiff's allegation of "conspiracy" is vague and conclusory. Accordingly, all claims against Detective Berger will be dismissed without prejudice.

## V. CONCLUSION

For the reasons set forth above, the claims against the State of New Jersey, Somerset County Prosecutor Office, and Assistant Prosecutor Matthew Murphy will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim against Detective Justin Berger, the Court will grant Plaintiff leave to file an application to re-open and file a second amended complaint.[4] An appropriate order follows.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

October 18, 2012

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.